**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**JAMES RAMEY,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0390** (BOR Appeal No. 2054831)
                    (Claim No. 2018000965)

**SWVA, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James Ramey, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). SWVA, Inc., by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 17, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 29, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ramey, a machine operator, alleges that he injured his lower back at work on June 19, 2017. A treatment note from Three Rivers Medical Center Emergency Department that day indicates Mr. Ramey sought treatment for an acute low back injury he sustained while lifting a heavy object at work. Mr. Ramey stated that he bent over to pick up pieces of metal and injured his back. A lumbar CT scan showed mild degenerative changes, scoliosis, and chronic right sided L5 pars defect without spondylosis. There was no evidence of an acute injury. Mr. Ramey was diagnosed with low back pain, lumbar radiculopathy, and lumbar sprain.

An Employees' and Physicians' Report of Injury was completed on June 28, 2017, indicating Mr. Ramey injured his lower back when he bent over while stacking metal clips. The physician's section listed the injury as low back sprain. A second Employees' and Physicians' Report of Injury was completed on July 28, 2017, in which Mr. Ramey alleged that he had two bulging discs and a pinched nerve as a result of bending over to pick up metal clips. The physician's section listed the diagnosis as lumbar strain.

On August 1, 2017, Mr. Ramey sought treatment from James Ravencraft, PA-C, and reported that a CT scan showed a pinched nerve and inflammation. Mr. Ravencraft did not have the report for review. Mr. Ramey reported that he injured his back at work while lifting a handful of clips to place them in a welder unit. Mr. Ramey stated that he bent over to lift the clips, straightened up, and felt a sharp pain in his lower back. Mr. Ravencraft diagnosed lumbar strain with right radiculopathy.

Elizabeth Gross, benefits manager for the employer, stated in an August 4, 2017, affidavit that Mr. Ramey was a member of a collective bargaining agreement that was set to expire on June 20, 2017. Mr. Ramey reported that he was injured while bending over to reach for a clip. Ms. Gross stated that one hour after a new bargaining agreement was signed, Mr. Ramey called and left a voicemail stating that he had seen a doctor. Matt Euskolitz, a foreman for the employer, also completed an affidavit that day stating that Mr. Ramey reported on June 19, 2017, that his back was bothering him after he bent over to reach into a clip bin. Mr. Euskolitz stated that the bin was waist high, and the clips are very light, weighing no more than 11.4 ounces. A few hours later, Mr.

Ramey stated that he was unable to continue working. Mr. Euckolitz stated that Mr. Ramey had called off of work twelve times in the past, not including the days he missed for the alleged injury. Mr. Ramey was called into a meeting to discuss his absenteeism and reported that he needed the unscheduled vacation days to remodel his house.

Bill Hennessey, M.D., completed a report on August 10, 2017, opining that there was insufficient medical evidence to support a work-related injury. He stated that the mechanism of injury was a routine act of daily living. He also noted no abnormal findings on clinical examination to support an injury. The claims administrator rejected the claim on August 17, 2017. On August 21, 2017, James Ravencraft, PA-C, followed up with Mr. Ramey for back pain. He diagnosed lumbar disc disease with radiculopathy and herniated lumbar disc and referred Mr. Ramey to a neurosurgeon.

Mr. Ramey testified in an August 14, 2018, deposition that on the day of his injury, he was holding a handful of clips, and had to bend over to reach the bottom of the clip bin to grab another handful. When he straightened back up, he felt severe back pain. Mr. Ramey stated that an average person could hold fifty to fifty-five clips in one hand, weighing about twenty pounds. However, if someone grabbed a big stack, it could weigh forty to forty-five pounds. Mr. Ramey asserted that he texted Nick Ferguson, a coworker, as well as his supervisor when he was first injured. Mr. Ramey left work and returned the following week with restrictions. Mr. Ramey denied any prior low back issues and denied ever seeing Dr. Hennessey.

On May 21, 2019, Elizabeth Gross, benefits manager for the employer, testified in a deposition that Mr. Ramey's claim was unusual. He filed the claim a day before the employer's contract with the union expired. Ms. Gross stated that Mr. Ramey brought a note stating that he could return to work on June 23. Mr. Ramey called in for the evening of June 22 and stated that he would not return to work until he had seen an orthopedic surgeon. The union voted to accept a new contract and half an hour later, Mr. Ramey informed Ms. Gross that he could return to work the following Monday. On June 4, 2019, Mr. Euskolitz testified in a deposition that he is a day shift foreman. He stated that he was familiar with Mr. Ramey's job, which involved lifting 11.4 ounce clips. Depending on how empty the clip bin was, the job could involve some twisting and bending.

The Office of Judges affirmed the claims administrator's rejection of the claim in its October 29, 2019, Order. It began by noting that West Virginia Code § 23-4-1C(2) provides that when making a determination of compensability, the following must be considered:

(A) Whether Mr. Ramey has a scheduled shutdown beginning within one week of the date of the filing;

(B) Whether Mr. Ramey received notice within 60 days of the filing that his or her employment position was to be eliminated, including, but not limited to, Mr. Ramey's worksite, a layoff or the elimination of Mr. Ramey's employment position;

3

(C) Whether Mr. Ramey is receiving unemployment compensation benefits at the time of the filing or

(D) Whether Mr. Ramey has received unemployment compensation benefits within 60 days of the filing. In the event of an affirmative finding upon any of these four factor, the finding shall be given probative weight in the overall determination of the compensability of the claim or of the merits of the reopening request.

The Office of Judges found that Mr. Ramey alleged an injury on June 19, 2017, and that the collective bargaining agreement between the union and the employer was set to expire on June 20, 2017. Because a strike would have ensued had an agreement not been struck, the Office of Judges determined that West Virginia Code § 23-4-1C(2) applies in this case. The Office of Judges further found that the mechanism of Mr. Ramey's alleged injury was unclear. Treatment notes from Three Rivers Medical Center dated June 19, 2017, indicate Mr. Ramey reported that he injured his lower back while lifting a heavy object. In a discharge report of the same date, it was stated that Mr. Ramey told his care provider that he injured his back while bending over to pick up pieces of metal. The Report of Injury indicates Mr. Ramey was injured while bending over and lifting metal clips from a bin. On August 1, 2017, Mr. Ramey told Mr. Ravencraft that he was injured while bending over to lift a handful of clips from a bin. However, Mr. Ramey testified in a deposition that he was injured while straightening up after lifting two handfuls of clips from a bin.

The Office of Judges found that the only diagnostic testing of record were imaging studies taken on June 19, 2017, which showed no acute findings, degenerative changes, scoliosis, and chronic right sided L5 pars defect. In the Report of Injury, Mr. Ramey indicated he had two bulging discs and a pinched nerve. Further, he reported to Mr. Ravencraft on August 1, 2017, that a CT scan showed a pinched nerve and inflammation. On August 21, 2017, Mr. Ramey reported increased symptoms, and Mr. Ravencraft diagnosed lumbar disc disease with radiculopathy and herniated lumbar disc. Mr. Ramey testified that he saw a neurosurgeon who reviewed an MRI and stated that surgery was unnecessary. Neither the MRI nor the neurosurgical treatment note were introduced into the record. Finally, the union's new contract was ratified on June 23, 2017. Mr. Ramey returned to work on June 25, 2017, and the record shows that Mr. Ramey sought no further treatment for the alleged injury. The Office of Judges concluded that the inconsistences in the mechanism of injury, the exaggeration of CT scan findings, and the absence of care after the union contract was ratified, when taken in the context of West Virginia Code § 23-4-1C(2), indicate a lack of credible evidence to justify reversal of the rejection of the claim. The Office of Judges therefore affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence fails to support Mr. Ramey's assertion that he sustained a compensable injury on June 19, 2017. The mechanism of injury is inconsistent throughout the

4

record, the objective diagnostic evidence does not show an acute injury, and the timing of the injury is suspicious.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5